IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:19-CV-00325-KDB

| | |
|---|---|
| MICHAEL WILHELM, | |
| Plaintiffs, | |
| v. | **ORDER** |
| ANDREW M. SAUL, | |
| Defendants. | |

**THIS MATTER** is before the Court on Plaintiff Michael Wilhelm's Motion for Summary Judgment (Doc. No. 9) and Defendant's Motion for Summary Judgment (Doc. No. 14). Mr. Wilhelm, through counsel, seeks judicial review of a partially unfavorable administrative decision denying his application for a period of disability and disability insurance benefits and supplemental income under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

On April 15, 2016, Plaintiff filed applications for a period of disability and disability insurance benefits under title II, and supplemental security income under title XVI, of the Social

1

Security Act, ultimately alleging that he had been disabled since January 27, 2010. (*See* Tr. 20). Plaintiff's applications were denied initially and upon reconsideration (*See* Tr. 141, 152). After conducting a hearing on June 5, 2018, Administrative Law Judge Gentry Hogan ("ALJ") issued a partially favorable decision on July 18, 2018. (Tr. at 20-32). Mr. Wilhelm then requested review of that decision by the Appeals Council ("AC"), which granted review. On September 16, 2019, the AC rendered a decision accepting the ALJ's findings but holding that Mr. Wilhelm's disability began on September 11, 2012 rather than September 30, 2013. (*See* AR 5-7). The Appeals Council's decision now stands as the final decision of the Commissioner, and Mr. Wilhelm has timely requested judicial review.

## II. THE COMMISSIONER'S DECISION

The AC and ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Wilhelm was disabled under the law during the relevant period.[1] At step one, the AC and ALJ found that Mr. Wilhelm had not engaged in substantial gainful activity ("SGA") since his alleged onset date and at step two that he had the

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

following medically determinable and severe impairments: osteoarthritis, degenerative disc disease, status post left knee surgery, bilateral rotator cuff tendinitis in the shoulders, cervical spondylosis, degenerative joint disease of the left knee, neuropathy and obesity. (*See* Tr. 6, 23). At step three, the ALJ and AC found that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See Id.*).

The ALJ and AC then determined that, prior to September 30, 2013, Mr. Wilhelm had the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a); he could sit eight hours in an eight-hour workday; stand and/or walk two hours in an eight-hour workday; perform occasional climbing, balancing, stooping, kneeling, crouching, and crawling; perform occasional overhead reaching bilaterally; tolerate no exposure to workplace hazards, such as unprotected heights and moving machinery; and perform simple, routine, repetitive tasks.

(Tr. 6-7, 23).

At step four, the ALJ and AC found that Plaintiff was unable to perform any past relevant work (*see* Tr. 7, 29-30) and at step five concluded that Plaintiff — given his age, education, work experience and RFC — could perform jobs that existed in significant numbers in the national economy (including final assembler, sorter and charge account clerk) prior to September 30, 2013 (*see* Tr. 7, 31). However, the ALJ found that beginning on September 30, 2013, after Plaintiff's condition had worsened following an accident on a riding lawn mower, no such jobs existed. Therefore, the ALJ found that Plaintiff was not disabled within the meaning of the Act prior to September 30, 2013 but became disabled on that date and continued to be disabled through the

3

date of his decision. On appeal, the AC (while otherwise adopting the ALJ's findings) found that Mr. Wilhelm was disabled as of September 11, 2012, based on a change in the age category of the medical-vocational rules. (*See* Tr. 6-7; Rule 201.14). Therefore, the AC concluded that Mr. Wilhelm had been disabled since September 11, 2012, but not before that date. (Tr. 6-7).

### III. LEGAL STANDARD

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as follows:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

4

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

Mr. Wilhelm raises two challenges to the Commissioner's decision. First, he contends that the AC and ALJ erred in refusing to find that he was disabled beginning in 2010, rather than 2012.[2] Second, he argues that the ALJ's decision must be vacated because the ALJ was not "constitutionally appointed" at the time he presided over the hearing on Mr. Wilhelm's disability application. As discussed below, the Court finds that substantial evidence supports the ALJ and AC's determination of the date of Mr. Wilhelm's disability and that by not raising the issue of the

---

[2] The onset date of Mr. Wilhelm's disability is very significant to Mr. Wilhelm because his date last insured for disability insurance benefits is December 31, 2011. Therefore, if he is found disabled before that date he receives substantially more in monthly benefits. (*See* Tr. 23; 243).

5

constitutionality of the ALJ's appointment at any time during the Commissioner's consideration of his case Mr. Wilhelm failed to properly preserve this argument for judicial review.

### A. The Beginning Date of Plaintiff's Disability

Dr. Mark Lenderman is Mr. Wilhelm's primary care physician. Plaintiff argues that the ALJ inadequately evaluated and accounted for Dr. Lenderman's medical opinion when determining the RFC prior to September 30, 2013. Specifically, Plaintiff claims that the ALJ erred by failing to resolve what he contends are "material inconsistencies" between Dr. Lenderman's April 30, 2018 medical opinion and the RFC. In his April 2018 report, Dr. Linderman determined that Mr. Wilhelm would be expected to miss more than four days of work per month due to his impairments and treatments, would be unable to stand or walk for more than 15 minutes at a time, would be unable to sit for more than 30 minutes at a time and could never engage in postural activities. *See* Tr. 1753-56. Plaintiff argues that these limitations, in particular the expected number of absences, should have been included in the RFC for the period prior to September 30, 2013 because Dr. Linderman's report applies to the entire period from before Mr. Wilhelm's earlier requested disability date in 2010 through April 2018. As further support for his position, Plaintiff points to the ALJ's finding that Dr. Linderman's medical opinion should be given little weight because "the medical evidence of record shows that the claimant is more limited than determined by Dr. Lenderman." Tr. 29.

The Court disagrees that the ALJ should be required to reflect the restrictions and absences suggested in Dr. Linderman's April 2018 medical opinion in the RFC prior to

September 30, 2013. First, Plaintiff's argument depends entirely on the statement in Dr. Linderman's (form) report that "The patient's abilities as indicated above apply from (date) <u>2003</u> THROUGH (date) <u>  4/30/18  </u>." Tr. 1756. It seems obvious that the ALJ did not have to simply accept this statement, purportedly covering a period of fifteen years, without question. Indeed, the period indiscriminately covers *seven years* during which Plaintiff does not even allege that he was disabled. Further, with respect to the ALJ's decision to give "little weight" to Dr. Linderman's April 2018 form, it is clear from the context of the ALJ's discussion that the ALJ finds that Dr. Linderman's medical opinion is too optimistic only with respect to the period *after* September 30, 2013. *See* Tr. 26, 29 (quoted statement of the ALJ regarding Dr. Linderman is made in section of decision explaining RFC for period after September 30, 2013). Thus, the Court finds that there is no erroneous inconsistency related to Dr. Linderman and the ALJ's decision with respect to the period prior to September 30, 2013.

Beyond Dr. Linderman's April 2018 report, Plaintiff claims that there is not substantial evidence to support the AC and ALJ's decision to begin his disability in 2012/2013 rather than earlier. Again, applying the appropriate standard of deference to the Commissioner's weighing of the medical evidence, the Court disagrees. *See T-Mobile South, LLC v. City of Roswell, Ga.,* 135 S. Ct. 808, 815 (2015) (the agency's reasons need not be "elaborate or even sophisticated, but rather . . . simply clear enough to enable judicial review."). While there is evidence in the record from which the ALJ might have found an earlier disability, *see* Tr. 24-26, the ALJ observed that Plaintiff's physical examination findings consistently revealed normal strength,

7

sensation, and reflexes; negative straight leg raise testing; and the absence of motor weakness despite his allegations of debilitating pain and radiation while also acknowledging that Plaintiff exhibited reduced range of motion at times due to discomfort (Tr. 25; *see, e.g.,* Tr. 590, 598, 600, 604 (feels well with minor complaints); Tr. 601-02, 605 (showing unremarkable physical examination findings and the absence of significant complaints of pain), Tr. 348-49, 607, 609-10 (reports of waxing and waning pain with strenuous physical activity resulting in tenderness and decreased range of motion in the absence of significant abnormalities)).

Ultimately, the ALJ concluded that "[t]he claimant has back, neck, shoulder, and knee pain that could reasonably be expected to cause some limitations but not to the extent alleged. The evidence shows that the claimant is able to sit, stand, walk, and move about in a satisfactory manner." Tr. 26. Therefore, although the ALJ considered Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms, he found that the evidence failed to substantiate the claimant's allegations of total disability. *See id*. There is accordingly "substantial evidence" to support the Commissioner's conclusion that Plaintiff was not disabled prior to September 11, 2012.

### B. The Constitutionality of the ALJ's Appointment

The alternate basis for Mr. Wilhelm's appeal to this Court is his argument that the ALJ was not constitutionally appointed at the time of his decision. Primarily based on the authority of *Lucia v. SEC*, 138 S.Ct. 2044 (2018), which found that certain Administrative Law Judges of the Securities and Exchange Commission are "officers of the United States" subject to the

Appointments Clause of the U.S. Constitution, Plaintiff argues that the ALJ's decision denying his social security claim should be remanded because the ALJ had not been constitutionally appointed. *Id*. at 2055. ("So what relief follows? This Court has held that the 'appropriate' remedy for an adjudication tainted with an appointments violation is a new 'hearing before a properly appointed official.'").

However, Defendant argues in response that in *Lucia* the Supreme Court specifically limited the entitlement of a party to relief to those "who make[] a timely challenge to the constitutional validity of the appointment of [the] officer who adjudicates his case … ." *Id*. Therefore, according to Defendant, because Mr. Wilhelm failed to object to the ALJ's appointment during the administrative proceedings below he cannot challenge the appointment of the ALJ in this Court. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding that parties may not wait until they are in court to raise a statutory "defect in the . . . appointment" of the official who issued the agency's initial decision); *Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012) (plaintiff required to exhaust constitutional claim to administrative agency before seeking review in federal court).

The Court agrees with the Defendant that Plaintiff's "Appointments Clause" claim has been forfeited by his failure to raise the issue earlier.[3] A constitutional challenge under the Appointments Clause is "nonjurisdictional," and thus a party may forfeit its Appointments Clause

---

[3] Therefore, the Court need not address and expresses no opinion on the merits of Plaintiff's Appointments Clause argument.

9

argument by failing to raise it. *See, e.g.*, *NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 795, 798 (8th Cir. 2013); *see also, e.g.*, *Freytag v. Commissioner*, 501 U.S. 868, 878-79 (1991); *id.* at 893-94 (Scalia, J., concurring in part) ("Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review. A party forfeits the right to advance on appeal a nonjurisdictional claim, structural or otherwise, that he fails to raise at trial.").

Indeed, after *Lucia*, a number of courts have found that a challenge to the appointment of an SSA ALJ must be raised in the administrative proceedings in order to preserve it for judicial review. *See, e.g.*, Order at 3, *Garrison v. Berryhill*, No. 1:17-cv-00302-FDW (W.D.N.C. Oct. 10, 2018), ECF No. 24; Order at 55-56, *T. v. Comm'r of Soc. Sec'y Admin.*, No. 1:17-cv-00650-RGV (N.D. Ga. Sept. 28, 2018), ECF No. 17; Order at 5, *Williams v. Berryhill*, No. 2:17-cv-87-KS-MTP (S.D. Miss. Sept. 28, 2018), ECF No. 24; *Davidson v. Comm'r of Soc. Sec'y*, No. 2:16-cv-00102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018); *Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984, at *5-6 (N.D. Iowa Sept. 14, 2018); *Iwan v. Comm'r of Soc. Sec'y*, No. 17-CV-97-LRR, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018) ("Because Iwan did not raise her Appointments Clause challenge before the ALJ or Appeals Council, the court finds that she has waived this issue."); *Hugues v. Berryhill*, No. CV 17-3892-JPR, 2018 WL 3239835, at *2 n.2 (C.D. Cal. July 2, 2018) ("To the extent *Lucia* applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings.").

That these cases consistently find a waiver and forfeiture under these circumstances is not surprising. It is manifestly fair to all the parties and critical for the efficiency of the Social Security

10

administrative process to require a claimant to raise all issues – in particular issues related to the authority and legitimacy of the hearing officer – as early as the challenge can be made so that if necessary the claim can be handled by a different officer. Plaintiff is not entitled to sit on his hands, see how the ALJ rules on his claim and then, when he is disappointed, in whole or in part, with the decision, raise his constitutional issue for the first time in his District Court appeal. In sum, common sense notions of both fairness and efficiency strongly counsel against allowing a Plaintiff to raise a constitutional challenge to the appointment of an ALJ for the first time on appeal to the District Court.

Therefore, the Court finds that Mr. Wilhelm has waived and forfeited his constitutional claim that the ALJ was not properly appointed and declines his request to remand the case on that ground. *See Lucia*, 138 S. Ct. at 2055; *L.A. Tucker*, 344 U.S. at 37 ("Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.").

## IV. CONCLUSION

In summary, while the Court does not reach any conclusion as to how it would rule on Plaintiff's claim on a *de novo* review, a reasonable mind would find that the evidence is adequate to support the AC and ALJ's decision and there are no other asserted grounds to remand the Commissioner's decision. The Commissioner's decision, therefore, is hereby **AFFIRMED.**

11

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 15,

*[signature]*

Kenneth D. Bell
United States District Judge

12